IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith A. Smyth, | ) | C/A No. 0:14-3476-RBH-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Neal Urch; Amandy Blanton; William J. Church; Deputy J. Brock; Deputy K. Ashley, | ) | |
| Defendants. | ) | |

The plaintiff, Keith A. Smyth ("Plaintiff"), a self-represented pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC.  Plaintiff is a detainee at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that several of Plaintiff's claims should be summarily dismissed and the following defendants should be dismissed from this case without prejudice and without issuance and service of process: Amandy Blanton and William J. Church.

**I.      Factual and Procedural Background**

The Complaint alleges that Defendant Deputy K. Ashley confiscated Plaintiff's mail and religious materials and denied Plaintiff's grievances concerning his "legal mail and Bible study[] lessons."  (ECF No. 13-1 at 3, 5.)[1]  Defendant Deputy J. Brock is named for allegedly confiscating and losing Plaintiff's property to include Bible study books and for falsely reporting that Plaintiff

---

[1] To preserve issues raised in the case and give liberal construction to the pleadings, the Complaint has been docketed as an attachment to the Amended Complaint in this case. (ECF No. 13-1.)



attempted to hoard medication. (Id. at 5-6.) The Complaint asserts that Defendant Amandy Blanton violated the Prison Rape Elimination Act ("PREA") by refusing to properly investigate an inmate's allegedly false allegations against Plaintiff and by failing to "put a warrant" on that inmate for making a false report. (Id. at 4.) Plaintiff further alleges that Defendant Blanton wrongfully "wrote [him] up for a major disciplinary." (Id. at 6.) Defendant William J. Church is named for allowing Defendant Blanton to discipline Plaintiff and Defendant Neal Urch is named as the director of the facility. (Id. at 3, 5-6.) Plaintiff asserts that all defendants discriminated against him. (Id. at 6.)

On September 12, 2014, Plaintiff filed an Amended Complaint, which reiterates his claims associated with the denial of legal supplies/materials and the denial of freedom to practice religion. (ECF No. 13 at 2-3.) Plaintiff further complains of small food portions, unsanitary jail conditions, the inability to privately confer with an attorney, the inability to vote, the denial of bond and the denial of a fair trial. (Id. at 4-5.) Plaintiff submitted additional attachments to the Amended Complaint on September 19, 2014, which again allege that Defendant Urch has denied Plaintiff adequate food portions and has refused to allow Plaintiff all of his mail while in lock-up. (ECF No. 19 at 1.) Plaintiff seeks monetary damages and injunctive relief. (ECF No. 13-1 at 7.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S.

519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of

*PJG*

Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the reasons discussed below, several of Plaintiff's claims should be summarily dismissed.

### 1. Equal Protection Claims

The Amended Complaint cites the defendants' failure to transfer Plaintiff to a different location of the jail, Defendant Blanton's failure to properly comply with PREA, and disciplinary reports against Plaintiff by Defendants Blanton and Brock as evidence of discrimination. (ECF No. 13-1 at 6.) However, Plaintiff has failed to adequately allege that the defendants have deprived him



of equal protection of the laws. To allege a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). While the Amended Complaint alleges that the defendants "judged" Plaintiff based on his criminal charges, it provides insufficient factual allegations to demonstrate that Plaintiff is a member or a protected class or that any defendant treated Plaintiff differently from other similarly situated individuals. Thus, Plaintiff's equal protection claim should be summarily dismissed as to all defendants.

### 2. Grievance Process Claims

The Amended Complaint complains that Plaintiff's grievances have been denied by the defendants. (ECF No. 13 at 2-2; ECF No. 13-1 at 5.) However, a prisoner has no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). As the denial of Plaintiff's grievances fails to state a cognizable claim under § 1983, such allegations in the Amended Complaint are subject to summary dismissal as to all defendants.

### 3. Deprivation of Property Claims

The Amended Complaint further alleges deprivation of Plaintiff's personal property by Defendant Brock. (ECF No. 13-1 at 5.) The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful



post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Therefore, the Amended Complaint's claims against Defendant Brock,[2] or any other listed defendant, for the intentional deprivation of Plaintiff's personal property are subject to summary dismissal.

### 4.     PREA Claims

The Amended Complaint alleges that Defendant Blanton violated "PREA Laws." (ECF No. 13-1 at 4.) However, there is no private right of action under § 1983 to enforce PREA. See Berry v. Eagleton, C/A No. 2:13-2379-RMG, 2014 WL 4273314, at *10 (D.S.C. Aug. 29, 2014) (collecting cases); Byrd v. S.C. Dept. of Corr., C/A No. 5:11-3340-MGL, 2013 WL 5309759, at *11 (D.S.C. Sept. 19, 2013). As Plaintiff has no private cause of action under § 1983 to raise his PREA claims Defendant Blanton is entitled to summary dismissal from this action.

### 5.     Supervisory Liability Claims

The Amended Complaint appears to name Defendant Church as a supervisor who had knowledge of, or approved, Defendant Blanton's disciplinary charges against Plaintiff. (ECF No.

---

[2] A separate order directs the issuance and service of Plaintiff's First Amendment claims against Defendant Brock.



13-1 at 5-6.) A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. While supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). As discussed above, Plaintiff fails to demonstrate a cognizable constitutional claim against Defendant Blanton or any constitutional injury resulting from her actions. Therefore, Plaintiff's claims against Defendant Church, for actions taken by a subordinate employee, should be dismissed. As such, Defendant Church is entitled to summary dismissal from this case.[3]

### 6.     Duplicate claims

The Amended Complaint and additional attachments allege that Defendant Urch, Director of the Spartanburg County Detention Center, has violated Plaintiff's constitutional rights by refusing to: (1) allow delivery of all mail; (2) provide adequate food portions; (3) provide hygiene items; and (4) provide over the counter pain medications. (ECF No. 13; ECF No. 13-1; ECF No. 19.)

---

[3] To the extent the Amended Complaint alleges claims against Defendant Church related to Plaintiff's custody or security classification, the court observes that Plaintiff has no protected liberty interest in his classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); see also Olim v. Wakinekona, 461 U.S. 238 (1983) (finding no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution).



However, Plaintiff currently has a civil rights action pending in this court raising essentially duplicate allegations against Defendant Urch.  See Smyth v. Urch, C/A No. 0:13-2691-RBH-PJG (D.S.C. Oct. 2, 2013).[4]  As in the instant case, the pending § 1983 action alleges that Defendant Urch has:  (1) denied Plaintiff sufficient food portions; (2) denied Plaintiff personal and legal mail; (3) allowed officers to open Plaintiff's legal mail; (4) required Plaintiff to pay for hygiene items; and (5) denied medication.  Id. at ECF No. 1.  Because the Amended Complaint's allegations against Defendant Urch concerning jail conditions and legal mail issues are being addressed in Plaintiff's pending civil action, these claims are duplicative and subject to summary dismissal in the interest of judicial economy and efficiency.[5]  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

### 7. Other Constitutional Claims

The Amended Complaint further alleges a violation of Plaintiff's right to vote, right to post bond, and right to a fair, public, speedy trial.  (ECF No. 13 at 3-5.)  However, Plaintiff fails to demonstrate that any named defendant has violated such rights.  Therefore, Plaintiff's claims alleging a violation of his constitutional right to vote, receive a bond, and receive a speedy trial are subject to summary dismissal as to all defendants.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendants] and any denial of [the plaintiff's] constitutional rights, the action against [them] must fail."); see also Payne v. Lucas,

---

[4] A district court may take judicial notice of materials in the court's own files from prior proceedings, see United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992);  Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949).

[5] A separate order directs the issuance and service of Plaintiff's First Amendment claims against Defendant Urch for allegedly prohibiting Plaintiff's free exercise of religion.



C/A No. 6:12-1904-DCN-KFM, 2013 WL 1010397, at *2 (D.S.C. Feb. 20, 2013) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to *pro se* complaints.") (internal quotation marks and citation omitted), adopted by 2013 WL 1010566 (D.S.C. Mar. 14, 2013).

### III.     Conclusion

For the foregoing reasons, it is recommended that the claims discussed above be summarily dismissed from the Amended Complaint and that Defendants Amandy Blanton and William J. Church be dismissed from this case without prejudice and without issuance and service of process.

October 15, 2014　　　　　　　　　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).