IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, Plaintiff, v. Major Neal Urch; PREA Amandy Blanton; William J. Church; Deputy J. Brock; Deputy K. Ashley, Defendants. | C/A No. 0:14-3476-RBH-PJG **ORDER** |

Plaintiff Keith Adger Smyth, a self-represented pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on a multitude of motions filed by Smyth.

**I. Motions to Amend/Correct Complaint (ECF Nos. 41, 68, 78, & 91)**.

Smyth's motion (ECF No. 41) does not appear to add new factual averments, claims, or parties, but rather reiterates claims raised in his initial and Amended Complaint. Therefore, this document is more appropriately considered as a brief in support of Plaintiff's claims. Accordingly, this motion is denied as futile. See Foman v. Davis, 371 U.S. 178 (1962).

Smyth's additional motions to amend/correct are untimely pursuant to the deadlines established by the court's Scheduling Order (ECF No. 52). Smyth has offered no cause to extend the expired deadlines. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Furthermore, the court finds that justice does



PJG

not require the proposed amendment under Rule 15(a)(2). Accordingly, Smyth's motions to amend/correct his Amended Complaint are denied.

**II. Motions for Investigations and Security (ECF Nos. 72, 90, 99, 101, & 113)**.

To the extent Smyth requests that the court order an investigation or direct the United States Marshals Service to assist him in proving his case, such request is denied. See Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). To the extent Smyth requests that the court itself "investigate" conditions at the detention center, such request is denied, as it is inappropriate for the court to engage in independent factual investigation. See Rasberry v. Spradling, 558 F.2d 257, 257 (5th Cir. 1977) (holding that the district court's acceptance of a recommendation to dismiss did not comport with the Federal Rules of Civil Procedure or governing case law where the magistrate judge did not rule on the sufficiency of the complaint but rather conducted an independent, *ex parte* factual investigation, including interviews of one or more witnesses). Accordingly, these motions are denied.

**III. Motions for Discovery (ECF Nos. 26, 43, 49, 61, 62, 65, 66, 74, 76, 77, 82, 93, & 96).**

In his motions, Smyth appears to request various documents from the defendants. Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. Smyth is advised that he does not need specific authorization from the court to obtain discovery from the defendants. Rather, he should direct his discovery requests to the counsel of record for the





defendants. If Smyth is dissatisfied with the responses he receives from the defendants, he may then file a motion to compel.[1] See Local Civil Rule 37.01 DSC. Thus, to the extent Smyth requests discovery, his motions are premature are therefore denied.

Smyth also files a motions in which he seeks issuance of trial subpoenas as opposed to subpoenas *duces tecum*, a motion requesting various technology be available during his trial, and a motion for a hearing on his discovery motions. (ECF Nos. 77, 93, 96, & 117.) These requests are also premature and are denied without prejudice to refile at the appropriate stage of litigation.

**IV. Motions to serve the defendants (ECF Nos. 36 & 48).**

The Clerk of Court is directed to terminate these motions as moot, as the defendants in the matter have been served with process.

**V. Motions for supplies or canteen items, to keep legal papers and mail in cell , and to be housed in a particular pod (ECF Nos. 27, 28, 29, 37, 47, 49, 60, 61, 96, 100, 101, 106, 112, & 117).**

The relief requested by Smyth in these motions mirrors allegations raised in his Complaint, as amended. Accordingly, to the extent Smyth circuitously attempts to obtain such relief, his motions are denied. To the extent Smyth attempts to raise new allegations or challenge additional detention center policies, Smyth must file a separate action if he wishes to pursue such claims.

**VI. Motion to appoint counsel (ECF No. 111).**

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil

[1] Smyth's motion for default judgment (ECF No. 74) appears to seek to compel discovery from the defendants, alleging that they are taking too long to respond to his requests. The defendants respond in opposition to this motion, stating that they have not been properly served with any discovery request. Accordingly, Smyth's motion seeking to compel discovery requests is denied.





action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would Smyth be denied due process if the court denied his request for counsel. Id. Accordingly, Smyth's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**VII. Motions requesting extensions or to stay case (ECF Nos. 98, 103, 106, & 109).**

In his motions, Smyth requests an extension of time in which to complete discovery. As previously discussed, the defendants have stated that they have not been properly served with any discovery request. Smyth shall therefore direct any discovery requests to the counsel of record for the defendants on or before **February 11, 2015**. The defendants shall respond in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court. Additionally, the deadline in which to file all other motions, except those to complete discovery and those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, is extended to **March 20, 2015**. (Fed. R. Civ. P. 16(b)(2)). In light of these extensions, Smyth's motions to stay his case are denied.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2015
Columbia, South Carolina