IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Adger Smyth, ) | Civil Action No.: 0:14-cv-3476-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Major Neal Urch; PREA Amandy ) | |
| Blanton; William J. Church; Deputy ) | |
| J. Brock; Deputy K. Ashley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Keith Adger Smyth ("Plaintiff"), a state pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on August 28, 2014. *See* Compl., ECF No. 1; Am. Compl., ECF No. 13. This matter is before the Court on Plaintiff's objections, *see* ECF no. 123, to an Order of the Magistrate Judge denying numerous motions filed by Plaintiff over the course of this litigation, *see* Order, ECF No. 118.[1] Plaintiff styles his objections as an "appeal" of the Magistrate Judge's Order.[2]

---

[1] The Magistrate Judge's order denied the following of Plaintiff's motions: Motion Full Disclosure (ECF No. 26), Motion Retain All Legal Documents (ECF No. 27), Motion Right to Purchase Supplies (ECF No. 28), Motion To Be Treated Equally and Rehoused in Another Pod (ECF No. 29), Motion To Receive All Plaintiff's Unopened Mail (ECF No. 37), Motion for issuance of Subpoena (ECF No. 43), Motion to receive unopened mail (ECF No. 47), Motion for Discovery (ECF No. 49), Motion for issuance of Subpoena (ECF No. 60), Motion for issuance of Subpoena (ECF No. 61), Motion for issuance of Subpoena (ECF No. 62), Motion for Discovery (ECF No. 65), Motion for Discovery (ECF No. 66), Motion to Amend/Correct (ECF No. 68), Motion for US Marshals to be guards (ECF No. 72), Motion for Default Judgment as to Neal Urch, J. Brock, K. Ashley (ECF No. 74), Motion for issuance of Subpoena (ECF No. 76), Motion to Amend/Correct (ECF No. 78), Motion for Discovery (ECF No. 82), Motion for DHEC investigation of Spartanburg County Detention Facility (ECF No. 90), Motion to Amend/Correct (ECF No. 91), Motion to keep more than 3 inches of legal mail (ECF No. 96), Motion for inspection of jail (ECF No. 99), Motion to keep more than 3 inches of legal mail in cell (ECF No. 100), Motion for US Marshals to be guards and for technology and Motion for Default Judgment as to Neal Urch, J. Brock, K. Ashley and Motion for issuance of Subpoena (ECF No. 101), Motion to get requested copies of documents

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In her Order, the Magistrate Judge denied Plaintiff's motions to amend the complaint as either futile or untimely. *See* ECF No. 118 at 1–2. The Magistrate Judge also denied Plaintiff's requests to have the court conduct/order investigations or security, as it is inappropriate for this Court to order such relief. *See id.* at 2. Next, the Magistrate Judge denied each of Plaintiff's motions for discovery, noting that absent a dispute, the Court does not typically enter the discovery process. *See id.* The Magistrate Judge advised Plaintiff that he need not receive the Court's specific authorization in order to serve discovery on Defendants. *See id.* The Magistrate Judge noted that only one of the discovery motions appears to seek to compel discovery, and that Defendants responded noting that they had not even been properly served with any discovery request. *See id.* at 3. Thus, the Magistrate Judge also denied this motion.

Next, the Magistrate Judge turned to Plaintiff's motions to serve the Defendants and found those as moot, noting that Defendants have already been served. *See id.* The Magistrate Judge then turned to Plaintiff's various motions which mirror the allegations raised in the complaint, and noted that Plaintiff may not circuitously attempt to obtain the relief sought in the complaint. *See id.*

---

(ECF No. 106), Motion to Stay (ECF No. 109), Motion to Appoint Counsel (ECF No. 111), Motion for relief from discipline and Motion for Mental Examination (ECF No. 112), Motion for DHEC Inspection (ECF No. 113).

The Magistrate Judge then denied as futile Plaintiff's Motion to Amend/Correct (ECF No. 41). Furthermore, the Magistrate Judge denied without prejudice Plaintiff's Motion to Request technology (ECF No. 77), Motion for issuance of Subpoena (ECF No. 93), Motion for Hearing (ECF No. 96), and Motion for Hearing (ECF No. 117). The Magistrate Judge also terminated as moot Plaintiff's Motion to Serve Defendants (ECF No. 36) and Motion to Serve Defendants (ECF No. 48). Finally, the Magistrate Judge granted in part Plaintiff's Motion for Extension of Time (ECF No. 98), Motion for Extension of Time (ECF No. 103), and Motion for Extension of Time (ECF No. 106).

[2] Rule 72 of the Federal Rules of Civil Procedure states that a party may submit objections to a Magistrate Judge's ruling on non-dispositive matters. *See* Fed. R. Civ. P. 72(a). The Court construes Plaintiff's filing as such.

2

Moreover, the Magistrate Judge noted that Plaintiff must file a separate action if he wants to raise new allegations or claims. *See id.* Accordingly, those motions were denied as well. The Magistrate Judge then denied Plaintiff's motion to appoint counsel. *See id.* at 3–4. Finally, the Magistrate Judge granted in part Plaintiff's motions requesting extensions or to stay case, finding that the discovery period should be extended to February 11, 2015 and the motions deadline to March 20, 2015. *See id.* at 4.

Plaintiff objected to this Order, asserting that the Magistrate Judge improperly denied his motions. He asserts that the Magistrate Judge did not properly examine his filings and is not looking closely at the documents he filed. *See* ECF No. 123 at 1–2. Plaintiff also contends that Defendants have denied him "law research." *See id.* at 1. Next, Plaintiff asserts that some papers he sent to the court were torn and damaged, and that the jail has locked him out of kiosk grievances. *See id.* at 1–2. Plaintiff also contends that "defendants is [sic] not giving me the right help when I file documents to this case." *Id.* He claims that the Magistrate Judge "will not grant any of [his] motions" and that she is not taking the time to consider his motions. *See id.* He asserts that another Judge needs to take time on the case. *See id.* Finally, he requests that his lawsuit be "removed from state court and transferred to the federal building." *See id.* at 3.

## APPLICABLE LAW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a Magistrate Judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a Magistrate Judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.*

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Weber v. Jones*, No. 8:12–3349–TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014) (quoting *Shoop v. Hott*, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D.W. Va. Dec. 6, 2010)).

## DISCUSSION

Plaintiff's argument in his objections is essentially that the Magistrate Judge denied his motions without properly reviewing and considering them. Plaintiff, however, has not argued that the Magistrate Judge's decisions were clearly erroneous or contrary to law. Plaintiff provides no support for his contention that the Magistrate Judge improperly denied his motions aside from his own subjective view that she did not sufficiently review his filings.

Nevertheless, the Court has thoroughly reviewed the record, including Plaintiff's motions, the Magistrate Judge's Order denying Plaintiff's motions, Plaintiff's appeal, and applicable law. The Court finds that the Magistrate Judge properly exercised her discretion in denying Plaintiff's motions. The Magistrate Judge's decisions were neither clearly erroneous nor contrary to law.

## CONCLUSION

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's order are without merit. Accordingly, the Order, ECF No. 118, is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
March 3, 2015