IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith A. Smyth, ) | Civil Action No.: 0:14-cv-3476-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Neal Urch; Amandy Blanton; ) | |
| William J. Church; Deputy J. Brock; ) | |
| Deputy K. Ashley, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff Keith A. Smyth, ("Plaintiff"), a state pretrial detainee proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on August 28, 2014. *See* Compl., ECF No. 1; Am. Compl., ECF No. 13. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 31. In the R & R, the Magistrate Judge recommends that several of the claims alleged in the Amended Compliant be summarily dismissed and that Defendants Amandy Blanton and William J. Church be dismissed *in toto* without prejudice and without service of process. *See id.* at 6. Plaintiff timely filed objections to the R & R on October 24, 2014. *See* Pl.'s Objs., ECF No. 44.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION[2]

In the R & R, the Magistrate Judge recommended that several of Plaintiff's claims be dismissed and that Defendants Amandy Blanton and William J. Church be dismissed *in toto*. First, the Magistrate Judge noted that Plaintiff's equal protection claim fails because he has not alleged he is a member of a protected class or that any Defendant treated him differently than similarly situated

---

[2] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's R & R. *See* ECF No. 31 at 1–2. Briefly stated, Plaintiff's Amended Complaint alleges various issues with the conditions of Plaintiff's confinement.

individuals.  *See* ECF No. 31 at 4–5.  Next, the Magistrate Judge reasoned that Plaintiff's claims related to the grievance system should be dismissed as there is no constitutional right to a grievance system.  *See id.* at 5.  The Magistrate Judge then found that Plaintiff's deprivation of personal property claims fail because he has a meaningful post-deprivation remedy under South Carolina law.  *See id.* at 5–6.  Next, the Magistrate Judge recommended dismissal of Plaintiff's claim that Defendant Blanton violated the Prison Rape Elimination Act ("PREA"), as the PREA does not provide for a private right of action.  *See id.* at 6.  The Magistrate Judge then turned to Plaintiff's claim against Defendant Church, who he appears to allege was a supervisor who had knowledge of or approved Defendant Blanton's disciplinary charge against Plaintiff.  She recommended dismissal of this claim as well due to the fact that Plaintiff failed to state a cognizable constitutional claim against Defendant Blanton.  *See id.* at 7.  Next, the Magistrate Judge stated that several of Plaintiff's claims against Defendant Urch should be dismissed as they had already been asserted in a separate action pending in this District.  *See id.* at 7–8; *see also Smyth v. Urch*, No. 0:13-2691-RBH-PJG (D.S.C. 2013).  Finally, the Magistrate Judge determined that Plaintiff's claims for violation of his right to vote, right to post bond, and right to a fair, public, and speedy trial should also be dismissed as he did not allege that any named Defendant violated such rights.  *See* ECF No. 31 at 8–9.

Plaintiff timely filed objections.  In his objections, Plaintiff first requests that the Court "leave the lawsuit intact with the current defendants."  *See* ECF No. 44 at 1.  Next, Plaintiff asserts that Defendant Blanton should issue a warrant on other inmates to correct PREA issues.  *See id.* Plaintiff then appears to contend that Defendant Church improperly moved him from one area of housing in the prison to a different are due to a "PREA claim which I was or have find not guilty."

3

*See id.* Plaintiff avers that he will dismiss the charges against these defendants once these issues are corrected. *See id.* at 2.

Plaintiff also attached a statement to his objections and several letters between himself and the ACLU. *See* Statement, ECF No. 44-1; Letters, ECF No. 44-2. The letters are not relevant to the findings in the R & R. However, the Court will consider Plaintiff's statement to constitute additional objections to the R & R. In his statement, Plaintiff first contends that Defendant Church treated him unfairly and unequally because he asked to be moved to different housing but his request was denied. *See* ECF No. 44-1 at 1. Plaintiff alleges that his request was denied because Defendant Church is aware Plaintiff is bisexual, and that Defendant Church judged him because of this. *See id.* Plaintiff also makes unclear allegations against Defendant Urch regarding his housing situation (it appears he alleges Urch also denied a request by Plaintiff to be moved to different housing, which he asserts violated his rights). *See id.* at 2. Plaintiff then argues that Defendant Urch took his "orange panties" and engaged in unlawful harassment against him due to his bisexuality. *See id.* at 3. Finally, Plaintiff alleges that certain religious mail is not being given to him, and he requests a Court order requiring Defendant Urch to give him his mail. *See id.* at 4.

Plaintiff's objections, therefore, largely ignore most of the Magistrate Judge's findings in the R & R. Plaintiff does not address the Magistrate Judge's analysis regarding the following issues: (1) prison grievance system related claim, (2) deprivation of personal property claims, (3) violation of PREA claim, (4) supervisory liability of Defendant Church, and (5) claims for violations of right to vote, right to bond, and right to fair, public, and speedy trial. Accordingly, finding no clear error the Court adopts the Magistrate Judge's analysis as its own on these points.

4

Plaintiff arguably did object to the Magistrate Judge's analysis of his equal protection claim. With regard to that claim, Plaintiff has asserted he is bisexual and was discriminated against because of that fact. Plaintiff, however, has not provided any allegations demonstrating that he was treated differently from other similarly situated individuals. Plaintiff merely asserts that he requested different housing and that his request was denied. This is insufficient to state a claim for equal protection. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."). As a result, the Court agrees with the Magistrate Judge that this claim should be dismissed.

Finally, Plaintiff's objections can also be construed to take issue with the Magistrate Judge's recommendation regarding the duplicitous claims against Defendant Urch. At the time the Magistrate Judge issued her R & R, Plaintiff had a separate action pending against Defendant Urch, asserting several of the same claims as he asserts against that Defendant in this matter. *Compare* ECF No. 13; ECF No. 13-1; and ECF No. 19 *with* Complaint, *Smyth v. Urch*, No. 0:13-2691-RBH-PJG (D.S.C. Oct. 2, 2013). Accordingly, she recommended dismissal of the duplicitous claims asserted in this action in the interest of judicial economy and efficiency. The overlapping claims identified by the Magistrate Judge are Plaintiff's claims that Defendant Urch violated his constitutional rights by refusing to: (1) allow delivery of all mail; (2) provide adequate food portions; (3) provide hygiene items; and (4) provide over the counter pain medications. *See* ECF No. 31 at 7.

Although Plaintiff's objections do not address the Magistrate Judge's recommendation that the duplicitous claims be dismissed, they detail several actions taken by Defendant Urch which Plaintiff argues were improper.  In particular, Plaintiff discusses Defendant Urch's alleged withholding of his mail.  The separate action against Defendant Urch, however, reached the summary judgment stage, with the Magistrate Judge recommending on October 23, 2014 that Urch's motion be granted and the action dismissed.  *See* R & R, *Smyth v. Urch*, No. 0:13-2691-RBH-PJG (D.S.C. Oct. 23, 2014).  Ultimately, the Court adopted the Magistrate Judge's R & R, granted Urch's motion, and dismissed the matter with prejudice on November 24, 2014.  *See* Order, *Smyth v. Urch*, No. 0:13-2691-RBH-PJG (D.S.C. Nov. 24, 2014).  Accordingly, to the extent Plaintiff's objections can be construed to assert that the duplicitous claims against Defendant Urch should not be dismissed, the Court finds that they are without merit.  The duplicitous claims asserted in this action are barred by the doctrine of *res judiciata*.[3]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified to reflect the Court's analysis on *res judicata*.

---

[3] "Under the doctrine of *res judicata*, . . . '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (*quoting Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55 (citing *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). The claims asserted in both suits do not have to be identical; "the doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Id.* at 355–56 (citing *Moitie*, 452 U.S. at 398).

**IT IS THEREFORE ORDERED** that Defendants Amandy Blanton and William J. Church are dismissed *without prejudice* and without service of process. **IT IS FURTHER ORDERED** that the following claims are dismissed without prejudice: (1) equal protection; (2) prison grievance system; (3) deprivation of person property (4) violation of the PREA; (5) claims against Defendant Urch for allegedly refusing to allow delivery of all mail, provide adequate food portions, provide hygiene items, and provide over the counter pain medications; and (6) claims for violations of Plaintiff's right to vote, right to bond, and right to fair, public, and speedy trial.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
May 14, 2015