IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth,                    ) | C/A No.  0:14-3476-RBH-PJG |
|                                       ) | |
|             Plaintiff,                ) | |
|                                       ) | |
| v.                                    ) | **REPORT AND RECOMMENDATION** |
|                                       ) | |
| Neal Urch; Deputy J. Brock; Deputy K. Ashley, ) | |
|                                       ) | |
|             Defendants.               ) | |
| _____ ) | |

Plaintiff Keith Adger Smyth, a self-represented pretrial detainee at the time he filed this action pursuant to 42 U.S.C. § 1983, alleges a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendants' motion for summary judgment. (ECF No. 135.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Smyth of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 137.) Smyth filed a response in opposition to the defendants' motion. (ECF No. 139.) Having carefully reviewed the motions and the pleadings in this case, the court finds that the defendants' motion should be denied at this time with leave to refile.

### BACKGROUND

Smyth appears to allege that, while a pretrial detainee at the Spartanburg County Detention Center, Defendant Ashley violated his First Amendment rights when he withheld Smyth's mail containing religious material and denied his "Bible study[] lessons." Additionally, Defendant Brock allegedly lost Smyth's Bible study book. Smyth also appears to allege that Defendant Urch, as the director of the detention center, is responsible for his employees' actions. Smyth makes additional

generalized claims that he and other inmates are told that they are not permitted to have prayer circles, Bible studies, or worship services, but fails to specify which, if any, of the above-named defendants made these statements. Smyth seeks monetary damages and injunctive relief.

Although Smyth raises a myriad of other claims in his initial and Amended Complaint, these claims were previously summarily dismissed by the court. (See Order, ECF No. 143.) Accordingly, the only claim remaining in this matter, as construed by the court in its Order directing service, is Smyth's claim that the defendants violated his right to the free exercise of religion under the First Amendment. (See Order, ECF No. 30 at 1.)[1]

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[1] To the extent that Smyth raises additional claims in his response to the defendants' motion, such as unspecified violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, Smyth has not filed a proper motion to amend his Complaint to include any additional claims. Accordingly, such claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

As an initial matter, the defendants devote the majority of their memorandum in support of summary judgment to claims that were either previously addressed by the court, or that were not construed by the court to have been alleged by Smyth. (See Order, ECF No. 143; Order, ECF No.

Page 3 of 6



30.) With regard to Smyth's First Amendment claim alleging that the defendants violated his free exercise of religion, the defendants argue that they are entitled to summary judgment because of unspecified detention center policies that, combined with Smyth's unspecified misbehavior, resulted in Smyth's restriction to only practice his religion on his own in the privacy of his own cell. However, the defendants provide no evidence in support of counsel's assertions in his memorandum; nor do they point to any existing evidence in the record. Rule 56 of the Federal Rules of Civil Procedure clearly states that summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, "the party moving for summary judgment cannot sustain his burden merely by denying the allegations in the opponent's pleadings." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2727 at 475 (3d ed. 1998). As counsel's unsworn statements in his memorandum are insufficient evidence in support of a motion for summary judgment and the assertions are not supported by any affidavit testimony, the court finds that the defendants' motion should be denied with leave to refile a properly supported motion addressing the sole claim remaining in this matter and attaching evidence to establish the absence of any genuine issues of material fact in compliance with Rule 56 of the Federal Rules of Civil Procedure.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 135) be denied with leave to refile within thirty days following the issuance of the assigned district judge's order ruling on this Report and Recommendation.

September 3, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).