UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Adger Smyth, | ) Civil Action No.: 0:14-cv-03476-RBH-PJG |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Neal Urch, Deputy J. Brock, and Deputy K. Ashley, | ) |
| Defendants. | ) |

Plaintiff Keith Adger Smyth, a state pretrial detainee[1] proceeding pro se, filed a complaint and an amended complaint pursuant to 42 U.S.C. § 1983 against the above named Defendants alleging violations of his constitutional rights. *See* ECF Nos. 1 & 13. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[2] *See* R & R, ECF No. 152. The Magistrate Judge recommends the Court deny Defendants' motion for summary judgment with leave to refile. R & R at 1, 5.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo

---

[1] Plaintiff is now incarcerated at Broad River Correctional Institution, a state prison located in Columbia, South Carolina. ECF No. 148.

[2] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 152] of the Magistrate Judge. It is therefore **ORDERED** that Defendants' motion for summary judgment [ECF No. 135] is **DENIED** *without prejudice and with leave to refile*. The Court **GRANTS** Defendants leave to refile a renewed motion for summary judgment **within thirty days** of the date of the entry of this order. The Court **REFERS** this matter back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

Florence, South Carolina         s/ R. Bryan Harwell
October 7, 2015                  R. Bryan Harwell
                                 United States District Judge